UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CARL HINDS, Jr.,

    Plaintiff,             Civil Action No. 2:18-CV-10356
                                  HON. GEORGE CARAM STEEH
    v.                          UNITED STATES DISTRICT JUDGE

UNKNOWN NAME POLICE
OFFICER et. al.,

    Defendants.
    _____/

**OPINION AND ORDER OF SUMMARY DISMISSAL AND
ORDER VACATING THE ORDER DIRECTING SERVICE**

The Court has before it Plaintiff Michael Carl Hinds' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at the Beaver County Jail in Aliquippa, Pennsylvania. For the reasons that follow, the complaint is DISMISSED IN PART WITH PREJUDICE for failing to state a claim upon which relief can be granted and DISMISSED IN PART WITHOUT PREJUDICE for failure to comply with a deficiency order.

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604

(6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> > (B) the action or appeal:
> > (I) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000)(citing *Neitzke*, 490 U.S. at 327–28); *See also Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir.1990). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)(footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff sues the Detroit Police Department and a police officer whom he has identified only as "Unknown Police Officer."  Plaintiff claims that on November 23, 2017, this police officer arrested him on Ellsworth Street in the City of Detroit.  The officer moved plaintiff towards the back of his police car and asked plaintiff "Where's your money?"  The officer said something to the effect of "we could do this the easy way or the hard way."

Plaintiff claims that the officer then sexually assaulted him by undoing plaintiff's pants and putting his hand under plaintiff's underwear and grabbing plaintiff's penis. Plaintiff requests monetary damages.

## IV. <u>Discussion</u>

### A. The lawsuit must be dismissed against the Detroit Police Department.

A police department is not a legal entity that can be sued as separate defendant in a § 1983 civil rights action, because it is an agent of a city, township or village. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *See also Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x. 766, 772, n. 4 (6th Cir. 2017); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Pierzynowski v. Police Department City of Detroit*, 941 F. Supp. 633, 637, n. 4 (E.D. Mich. 1996). Plaintiff cannot maintain an action against the Detroit Police Department.

Moreover, even if the lawsuit could be construed as being against the City of Detroit, plaintiff would still be unable to maintain an action against the city. A plaintiff who sues a city and its police department for constitutional violations under 42 U.S.C. § 1983 must establish that a government policy or custom caused the alleged injury. *Sova v. City of Mount Pleasant*, 142 F. 3d 898, 904 (6th Cir. 1998)(citing *Monnell v. Dept.*

*of Social Services of the City of New York*, 436 U.S. 658, 690-691(1978)). A municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation. *Monnell*, 436 U.S. at 694.

Plaintiff's complaint must be dismissed against the City of Detroit because he has failed to allege any facts that show that the City of Detroit maintains a policy or practice which encourages or allows its police officers to sexually assault arrestees. A single incident of unconstitutional activity does not establish an official policy or practice of a municipality sufficient to render a municipality liable for damages under 42 U.S.C. § 1983. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821(1985); *Hooper v. City of Detroit*, 50 F. Supp. 2d 689, 691 (E.D. Mich. 1999); *Sewell by Sewell v. Van Buren Twp. Police Dept.,* 806 F. Supp. 1315, 1321 (E.D. Mich. 1992). Because plaintiff has failed to allege any facts which would show that the City of Detroit maintains a policy or custom of encouraging its police officers to sexually assault persons arrested by that department, he has failed to state a claim upon which relief can be granted against the City of Detroit.

**B. The lawsuit is dismissed without prejudice against the Unknown Name Police Officer.**

On February 8, 2018, Magistrate Judge R. Steven Whalen signed an

order of deficiency, which required plaintiff to provide the names and the addresses of the defendants whom he wished to sue within sixty days of the date of the order or the complaint would be dismissed without prejudice against these defendants. Plaintiff was specifically ordered to provide the name of the defendant identified only as "Unknown Name Police Officer." To date, plaintiff has not complied with the Court's order by providing this information.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

In the present case, the "Unknown Name Police Officer" defendant has never been identified by plaintiff or served with process, thus, plaintiff's

civil rights action shall be dismissed without prejudice against this defendant. *See Awdish v. Pappas,* 159 F. Supp. 2d 672, 673, n. 1 (E.D. Mich. 2001); *Johnson v. City of Ecorse,* 137 F.Supp.2d 886, 892 (E.D.Mich. 2001); *Taylor v. Foltz,* 803 F. Supp. 1261, 1267 (E.D. Mich. 1992). Plaintiff is free to file a new complaint under a new case number against this police officer if and when he discovers his identity.

IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE against the Detroit Police Department.

IT IS FURTHER ORDERED that the complaint IS DISMISSED WITHOUT PREJUDICE against defendant "Unknown Name Police Officer." The dismissal is without prejudice to plaintiff filing a new complaint under a new case number with the proper information concerning this defendant.

IT IS FURTHER ORDERED that the Order Directing Service (Doc. 8) IS VACATED.

Dated: April 12, 2018

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 12, 2018, by electronic and/or ordinary mail and also on Michael Hinds #17-02283, Beaver County Jail, 6000 Woodlawn Blvd., Aliquippa, PA 15001.

s/Marcia Beauchemin
Deputy Clerk